**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**GREG WINTER**                                                                                    **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:23-cv-352-SA-RP**

**TYRIN COWART, et al.**                                                   **DEFENDANTS**

**ORDER DENYING MOTION TO STRIKE**

This matter is before the court on the Plaintiff's Motion to Strike Defendants' Supplemental/Rebuttal Expert Disclosures as Untimely and Improper. ECF #84. The plaintiff requests that the court strike the supplemental written report of the defendants' designated expert Josh Lorencz that was provided by the defendants on July 19, 2024. The defendants oppose the motion. The court finds the motion is not well taken and should be denied.

The plaintiff Greg Winter, individually and on behalf of the wrongful death beneficiaries of Latacia Winter, deceased, brought this action against the defendants Tyrin Cowart and DT Freight, LLC to recover damages for the death of Latacia Winter, who was killed when the automobile she was driving collided with the rear of a tractor trailer being operated by Cowart in the course and scope of his employment with DT Freight. There is a fact dispute between the parties as to whether Latacia Winter was looking at her cellular telephone just before the collision occurred, thereby causing or contributing to the accident.

On March 28, 2024 – the plaintiff's deadline to designate expert witnesses – the plaintiff served a designation of expert witnesses identifying, among other experts, Nathan Maines as a retained expert in the field of cell phone restoration and recovery. The plaintiff's disclosure stated that Maines is expected to testify that records obtained from Latacia Winter's cell service

provider indicate that Winter was not using her phone to speak or text with anyone at the time of the accident. Further, as to the defendants' contention that Winter was looking at her phone at the time of the accident, the disclosure stated that Maines is expected to testify that absent direct eyewitness testimony, an expert can determine only whether a cell phone was active or inactive but not whether a driver was looking at and using a cell phone or was simply playing music. The disclosure included no written report signed by Maines and containing his opinions as required by Federal Rule of Civil Procedure 26(a)(2)(B). According to the disclosure, Winter's cell phone had been provided to the defendants to download the cell phone's data, and Maines would provide a written report of his opinions once the download was obtained from the defendants.

On May 6, 2024, the defendants timely designated their experts, including digital forensic examiner Josh Lorencz, whose opinions were stated in a signed written report as required by the rule. Lorencz stated that he performed a data extraction on Winter's cell phone and retrieved, among other data, data showing a video of Koi Fish swimming in an aquarium (recorded at Winter's residence a little over 30 minutes before the device came to rest at the location of the accident), followed by the departure of the phone from the residence, followed by the launch of an Apple Maps trip while traveling on a county road away from the residence, followed by the launch of the device's Amazon app (less than 30 seconds before the device came to rest), followed by cache images of Amazon advertisements, followed by cache images of specific products related to Koi Fish and aquariums, followed seconds later by an abrupt reduction in speed from 67 MPH to 0 MPH at the location of the accident. According to Lorencz, his analysis of this data and the Mississippi Uniform Crash Report of the accident caused him to form the opinion that Winter was actively manipulating her cell phone within 6 seconds of the

collision.

On June 20, 2024, the plaintiff deposed Lorencz, who testified that aside from performing the data extraction on Winter's cell phone, he performed no testing of the device to reach his conclusion that Winter was actively manipulating her device just before the collision. The same day as Lorencz's deposition, the plaintiff filed an unopposed motion to designate a different expert in the field of cell phone restoration and recovery, specifically Kyle Wood who, unlike the previously identified Nathan Maines, has the ability to download the data from Winter's cell phone. The court granted that motion on June 24, 2024, and on the same day the plaintiff served a supplement designation of expert witnesses identifying Wood and including a signed written report containing his opinions.

According to Wood's report, the extracted cell phone data is insufficient to establish that Winter purposefully opened the Amazon app or that the device was being actively manipulated during the relevant time frame. According to Wood, his testing of several different iPhones indicates that when the Amazon app is opened, advertising images are automatically displayed and rotated on the app, and images are cached without the user actively manipulating the app. As such, according to Wood, Lorencz's opinion that Winter was actively manipulating the device within 6 seconds of the collision is speculation.

On July 19, 2024, the defendants provided the plaintiff with a "Supplemental/Rebuttal Expert Disclosures of Defendants," along with a second signed written report by Lorencz addressing and rebutting the opinions stated in Wood's report. Lorencz's report states that because Winter's Apple Maps and Amazon apps were stored in different folders and on different screens, the act of closing the Apple Maps app and opening the Amazon app required several

user actions and would be unreasonably difficult to complete without paying attention to the device as Wood's report suggests happened. Further, to test Wood's theories that Winter had no further interaction with the device after the Amazon app was opened and that any cached images were the result of automated actions, Lorencz performed a forensic test on an iPhone 8 Plus, the same make and model as the device used by Winter. Lorencz describes the tests he performed and concludes they directly contradict Wood's opinions. According to Lorencz, although several images from a ribbon of rotating Amazon advertisements were automatically cached after the app was opened, once the ribbon terminated, no further images were cached. Lorencz opines that the presence of non-Amazon ribbon related images on Winter's device is evidence of the device being manipulated by Winter just before the collision.

In the present motion, the plaintiff argues first that Lorencz's second report should be stricken because defense counsel did not simultaneously file a notice of service of the disclosure as required by the rules. However, the plaintiff misunderstands the purpose of that requirement. If there were a dispute as to whether or when a disclosure was served, then a docketed notice of such service – or a lack thereof – would be strong evidence bearing on the issue. In the present instance, however, there is no dispute that the plaintiff received Lorencz's second report on July 19, 2024. Defense counsel's failure to simultaneously file a notice of such service is harmless.

The plaintiff also argues that the report is untimely and improper, having been provided after the defendant's expert designation deadline and after Lorencz's deposition at which he testified he had performed no testing on Winter's cell phone. The defendants, on the other hand, argue that the report is a timely rebuttal report under Federal Rule of Civil Procedure 26(a)(2)(D)(ii). The court agrees with the defendants.

An expert disclosure "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" must be made within 30 days after the other party's disclosure. FED. R. CIV. P. 26(a)(2)(D)(ii). Lorencz's second report is clearly a rebuttal report within the meaning of this rule. The report describes the expert report provided by Wood, addresses and rebuts Wood's numbered opinions paragraph by paragraph, criticizes Wood's testing method, describes Lorencz's own testing in light of Wood's opinions, and concludes that "[t]he testing I conducted directly contradicts Wood's opinions." Lorencz rebuttal report, ECF #84-3 at 14. Further, Lorencz's rebuttal report was timely, having been provided within 30 days after the disclosure of Wood's report and before the discovery deadline.

The plaintiff's argument that Lorencz's second report is improper because it contains "new" opinions not contained in his initial report is unavailing. Of course they are new opinions. The question, however, is whether they are intended solely to contradict or rebut evidence on the same subject matter set forth in Wood's report, and they clearly are. *See Blueitt v. Crestbook Insurance Company,* No. 4:22-cv-00466-D, 2022 WL 19023856, at *2 (N.D. Tex. Dec. 8, 2022) (finding supplement expert report's "new opinions" that "directly respond" to other party's expert's report "are appropriate rebuttal evidence"); *Goode v. City of Southaven,* No. 3:17CV60-DMB-RP, 2018 WL 3328019, at *2 (N.D. Miss. July 5, 2018) (denying request to strike supplemental expert report's "new opinions" that were offered to rebut other expert's opinions given for first time at deposition).

The plaintiff's argument that the opinions in Lorenzc's second report are improper because he had not performed testing before he was deposed is also unavailing. It was the plaintiff who chose to designate a new expert after Lorencz's deposition, thereby opening the

door for Lorencz to perform his own testing in order to contradict or rebut Wood's testing and opinions. The plaintiff could have sought to reopen Lorencz's deposition to question him about his rebuttal report but did not do so. Having been allowed to designate a new expert witness after all the expert designation deadlines had passed, the plaintiff cannot now be heard to complain that the defendants are permitted to rebut that expert's opinions in accordance with the rules.

Therefore, the Plaintiff's Motion to Strike Defendants' Supplemental/Rebuttal Expert Disclosures as Untimely and Improper [ECF #84] is DENIED.

**SO ORDERED**, this the 10th day of September 2024

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE