IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GREG WINTER, INDIVIDUALLY,
AND ON BEHALF OF ALL WRONGFUL
DEATH BENEFICIARIES
OF LATRICIA WINTER, DECEASED                                          PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:23-CV-352-SA-RP

TYRIN COWART AND DT FREIGHT, LLC                              DEFENDANTS

ORDER AND MEMORANDUM OPINION

On August 10, 2023, Greg Winter, individually and on behalf of the wrongful death beneficiaries of Latricia Winter, initiated this lawsuit by filing his Complaint [2] in the Circuit Court of Marshall County, Mississippi. Winter named Tyrin Cowart; Blair Logistics, LLC; DT Freight, LLC; and Southeast Logistics & Transport as Defendants. The Defendants removed the case to this Court on September 11, 2023. Winter has since filed a Stipulation of Dismissal [71] as to Blair Logistics and Southeast Logistics & Transport, leaving only Cowart and DT Freight as Defendants.

Now before the Court is the Defendants' Motion for Partial Summary Judgment [74]. The Motion [74] is ripe for review.

*Relevant Background*

This lawsuit stems from a fatal motor vehicle accident. The collision occurred on August 19, 2021 just prior to 6:00 AM on US Highway 72 in Marshall County, Mississippi. For reference, US Highway 72 is a four-lane highway with two lanes of eastbound traffic and two lanes of westbound traffic.

On the date in question, Tyrin Cowart was traveling westbound on US Highway 72 in a tractor-trailer. Although not an employee of DT Freight, Cowart was hauling a load for that entity.

Cowart parked his tractor trailer on the right shoulder of the highway to check the load on his flat-bed trailer. Latricia Winter was also traveling westbound on US Highway 72 in a minivan on her way to work.

The collision between the two vehicles occurred when Cowart merged his truck back onto Highway 72 from the shoulder where he had been parked. Winter's minivan struck the back of Cowart's trailer. The collision occurred in the right lane of westbound traffic. Winter died at the scene.

This lawsuit followed. Greg Winter—Latricia Winter's husband—brings the case on behalf of himself and all wrongful death beneficiaries. As to Cowart, Winter contends that Cowart acted negligently in multiple ways, such as failing to keep and maintain a proper lookout, failing to keep his vehicle under control, failing to maintain a proper distance from other vehicles, willfully disregarding the safety of others, failing to yield the right of way, failing to comply with the Federal Motor Carrier Safety Regulations and the applicable law, among others. Winter also asserts negligence claims against DT Freight, averring that it is vicariously liable for Cowart's alleged negligent conduct. He also brings direct negligence claims against DT Freight for negligent hiring, negligent supervision, and failure to properly train.[1]

*Standard*

Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P.

---

[1] As indicated above, the Complaint [2] also named Blair Logistics and Southeast Logistics & Transport as Defendants and asserted claims against those entities similar to those asserted against DT Freight. However, on August 14, 2024, the parties filed a Joint Stipulation of Dismissal [71] as to Blair Logistics and Southeast Logistics & Transport. The Stipulation [71] specifically provides that the dismissal of those parties "is based on Defendants' representation that Defendant Cowart was an independent contractor with DT Freight, LLC at the time of the accident, and that the tractor trailer was being operated by Cowart on or about the business of DT Freight, LLC, and not Blair Logistics, LLC and Southeast Logistics & Transport." [71] at p. 1. The Clerk of Court therefore terminated those parties as active Defendants in the case.

2

56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Nabors v. Malone*, 2019 WL 2617240, at *1 (N.D. Miss. June 26, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.'" *Id*. (quoting *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548). "The nonmoving party must then 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548). Importantly, "the inferences to be drawn from the underlying facts contained in the affidavits, depositions, and exhibits of record must be viewed in the light most favorable to the party opposing the motion." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019) (quoting *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 646 (5th Cir. 1997)). However, "[c]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial." *Nabors*, 2019 WL 2617240 at *1 (citing *TIG Ins. Co. v. Sedgewick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)) (additional citations omitted).

*Analysis and Discussion*

The Defendants seek dismissal of some—but not all—of Winter's claims. More specifically, the Defendants argue:

> The Court should dismiss (1) the direct negligence claims against
> DT Freight; (2) the claims for emotional distress, including charges
> for past and future medical or counseling services provided to the
> wrongful death beneficiaries of Mrs. Winter; (3) the negligence

3

claims based on Mr. Cowart's failure to place warning triangles while his vehicle was stopped and his alleged violation of the minimum speed statute; and (4) the claim for punitive damages.

[75] at p. 2-3.

The Court will address each of these arguments in turn.

The Defendants first seek dismissal of Winter's direct negligence claims against DT Freight. They argue that the direct negligence claims pertaining to DT Freight's alleged negligent hiring, negligent supervision, and failure to train should be dismissed because DT Freight has admitted vicarious liability. In response, Winter states that he "will withdraw [his] claims of negligent supervision, negligent entrustment, negligent hiring, and any other independent, direct negligence claims against DT Freight as long as DT Freight stipulates it is vicariously liable for all Tyrin Cowart's actions." [114] at p. 3.

"The Courts of this state have consistently dismissed independent negligence claims against an employer who admits vicarious liability for an employee's actions." *Roberts v. Ecuanic Exp., Inc.*, 2012 WL 3052838, at *2 (S.D. Miss. July 25, 2012) (citations omitted). This is because "once an employer has admitted that it is liable for an employee's actions, evidence pertaining only to issues of negligent hiring, entrustment, supervision, or maintenance becomes superfluous and possibly unfairly prejudicial." *Id.* (citing *Lee v. Harold David Story, Inc.*, 2011 WL 3047500, at *1 (S.D. Miss. July 25, 2011)).

The parties' agreement on this issue is in accordance with the applicable case law. Since DT Freight has stipulated to vicarious liability for Cowart's actions, Winter's direct negligence claims against DT Freight are redundant. They are hereby DISMISSED.

Next, the Defendants seek dismissal of all claims for "emotional distress, including charges for past and future medical or counseling services provided to the wrongful death beneficiaries of

4

Mrs. Winter." [75] at p. 2-3. To support this argument, the Defendants contend that a wrongful death cause of action is statutory and that the available damages are therefore limited to those damages specifically contemplated in the wrongful death statute. The Mississippi Supreme Court has held that the damages available under this statute "include (1) the present net cash value of the life expectancy of the deceased, (2) the loss of the companionship and society of the decedent, (3) the pain and suffering of the decedent between the time of injury and death, and (4) punitive damages." *McGowan v. Estate of Wright*, 524 So. 2d 308, 311 (Miss. 1988) (citing *Jesco, Inc. v. Whitehead*, 451 So. 2d 706, 710 (Miss. 1984)) (additional citations omitted).

In response, Winter clarifies that he is not attempting to make a direct claim for emotional distress but that such treatment is relevant to the loss of companionship and society portion of available damages. Winter contends that he "will only seek to use their treatment to support [the] claims for damages but will not submit the bills or costs as a separate form of recoverable damage." [114] at p. 4.

Thus, it appears that the parties agree that these expenses are not separately recoverable. However, the Defendants contend that evidence pertaining to counseling services is not admissible, and they specifically note that they intend to file a motion *in limine* on that topic.

The Court will take up any issues pertaining to admissibility at the appropriate time. But for purposes of the present filing, any direct claims for emotional distress are hereby DISMISSED.

The Defendants also seek summary judgment as to "the negligence claims based on Mr. Cowart's failure to place warning triangles while his vehicle was stopped and his alleged violation of the minimum speed statute[.]" [75] at p. 3.

Federal Motor Carrier Safety Administration Regulation § 392.22 mandates the placement of warning devices in certain situations:

(b)     Placement of warning devices—

(1)     General rule. Except as provided in paragraph (b)(2) of this section, whenever a commercial motor vehicle is stopped upon the traveled portion or the shoulder of a highway for any cause other than necessary traffic stops, the driver shall, as soon as possible*, but in any event within 10 minutes*, place the warning devices required by § 393.95 of this subchapter[.]

49 C.F.R. § 392.22 (emphasis added).

Here, the evidence indicates that Cowart was stopped for approximately 10 minutes and 39 seconds, thus exceeding the 10-minute threshold set forth in the Regulation. He also admits that he did not place any warning devices on the road, despite having them in his vehicle. He testified that he did not place the warning devices because he did not intend to be stopped for more than 10 minutes. Nonetheless, there is no dispute that Cowart did not comply with the Regulation.

As to the minimum speed limit, the applicable statute provides as follows:

(1)     No motor vehicle shall be driven at a speed less than thirty miles per hour on federal designated highways where no hazard exists. An exception to this requirement shall be recognized when reduced speed is necessary for safe operation, or when a vehicle or combination of vehicles is necessarily, or in compliance with law or police direction, proceeding at a reduced speed.

MISS. CODE ANN. § 63-3-509(1).

Here, there is no dispute that Cowart was traveling less than 30 miles per hour at the time of the collision. However, he contends that he was permitted to do so as he was driving a tractor-trailer which necessarily takes a longer period of time than a standard sized vehicle to reach the speed of 30 miles per hour.

In his Response Memorandum [114], Winter asserts that he does "not seek to introduce these violations as a form of strict liability, but a part of the negligence claim showing a violation of a duty." [114] at p. 4.

6

Candidly, the Complaint [2] itself is not clear as to whether Winter desired to impose a strict liability standard as to these violations. However, in light of his concession in the Response Memorandum [114], to the extent any such claim was asserted in the Complaint [2], it is hereby DISMISSED. To the extent that the present Motion [72] seeks any additional relief, such as a ruling precluding the introduction of evidence pertaining to these violations, summary judgment is not the appropriate avenue to seek such relief, and the request is denied.

Finally, the Defendants seek summary judgment on Winter's claim for punitive damages. They contend that there is no evidence of the requisite level to warrant such damages and, furthermore, that punitive damages are unavailable on a theory of vicarious liability. The Defendants cite authorities for these positions; however, Winter's Response Memorandum [114] specifically withdraws the punitive damages claim. Therefore, the Court sees no need to address the issue any further. Winter will not be permitted to seek punitive damages in this case. All such claims are hereby DISMISSED.

*Conclusion*

For the reasons set forth above, the Defendants' Motion for Partial Summary Judgment [74] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this the 23rd day of October, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE